UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | No. 1:06-cr-00020-TWP-MJD |
| SANFORD E WHITE (01), | ) | |
| Defendant. | ) | |

**ENTRY**

This matter is before the Court Defendant Sanford E. White's ("White") Motion for Reduction in Term of Imprisonment as a result of Amended Guideline Range pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated below, the Motion [Dkt. 6] is **denied**.

On November 1, 2000, the Sentencing Commission enacted Amendment 599, which changed Application Note 2 of USSG § 2K2.4, and modified when a court may impose a weapons enhancement for defendants convicted of firearms offenses under 18 U.S.C. § 924(c). *United States v. Hicks,* 472 F.3d 1167, 1168 (9th Cir. 2007), *overruled on other grounds*, *Dillon v. United States,* 130 S. Ct. 2683 (2010). Amendment 599 applies retroactively to qualifying prisoners pursuant to U.S.S.G. § 1B1.10(c).

"Amendment 599's purpose, broadly stated, is to eliminate duplicative sentences for essentially the same offense." *U.S. v. Hickey,* 280 F.3d 65, 66 (1st Cir. 2002). Amendment 599 made clear that "[i]f a sentence under [U.S.S.G. § 2K2.4] is imposed in conjunction with a sentence for an underlying offense," the sentencing judge may not also "apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when

determining the sentence for the underlying offense." U.S.S.G. Supp. App. C, Amend. 599, at 68 (2000). The Amendment thereby guards against double counting the role of the firearm in the charged offenses. *See, e.g., United States v. Goines*, 357 F.3d 469, 471-73 (4th Cir. 2004).

When considering a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a district court must first determine whether the defendant is eligible for a reduction. *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013). Defendant White was sentenced on April 21, 2006. On September 23, 2013 White filed the instant motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting his entitlement to relief under Sentencing Guidelines Amendment 599. White's motion [Dkt. 6] must be denied because Amendment 599 took effect in November 2000, long before White was sentenced in April 2006. Therefore, White was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). *United States v. Garcon*, 580 F. App'x 767, 770 (11th Cir. 2014).

IT IS SO ORDERED.

Date: 5/24/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

SANFORD E WHITE
Reg. No. 18184-424
POLLOCK - USP
POLLOCK U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2099
POLLOCK, LA 71467