UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-20-TWP-MJD-01 |
| v. | |
| SANFORD E. WHITE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cr-00020-TWP-MJD |
| | ) | |
| SANFORD E WHITE, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Sanford White requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, White's motion is **denied**.

**I. Background**

In 2006, White pleaded guilty to two counts of attempted robbery, three counts of robbery, and one count of discharge of a firearm during a crime of violence. Dkt. 1. He received an aggregate sentence of 256 months' imprisonment and three years' supervised release. *Id.*

In January 2021, White filed a *pro se* motion for compassionate release. Dkt. 29. The Court appointed counsel to represent White, and counsel filed a memorandum in support of the motion. Dkts. 30, 33. White argues that his physical and mental health conditions place him "at serious risk of lasting psychological harm and at a heightened risk of severe illness or death from COVID-19."[1] Dkt. 33 at 7-13. The United States opposes White's request, arguing that his vaccination

---

[1] In his *pro se* motion, White argued that compassionate release is warranted because he needs to care for his mother. Dkt. 29 at 2-3. Counsel did not include this argument in the memorandum in support of the motion, thereby waiving it. Dkt. 33. Even if this argument is not waived, the Court would not find that White's desire to care for his mother is an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A), either alone or in combination with any factors. White has not presented evidence that he is the only available caregiver for his mother, and regardless, many inmates have elderly or ill parents for whom they would like to provide care. As a result, the Court has consistently concluded that the need to care for an aging or ill parent is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). *See, e.g.*, *United States v. Cabell*, No. 3:12-cr-00004-RLY-CMM, dkt. 201 at 7 (S.D. Ind. Apr. 23, 2021) (collecting cases).

against COVID-19 minimizes any risk of severe illness and that his mental health condition does not constitute an extraordinary and compelling reason to justify a sentence reduction. Dkt. 36 at 5-9. In his reply, White argues (1) that the efficacy of the vaccine is unclear; (2) that the vaccine is unlikely to be effective for him in light of his medical conditions, and (3) that the duration of any immunity conferred by the vaccine is undetermined. Dkt. 40 at 3-8. He also contends that the Bureau of Prisons "has not sufficiently minimized [his] risk of contracting COVID-19 and that he is not receiving the mental health treatment he requires." *Id.* at 8-10.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

White's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v.*

*Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). White is fully vaccinated, and he has presented no evidence that he is unable to receive or benefit from the vaccine. *See id.* Additionally, White "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, __ F.4th ___, 2022 WL 417409, at *2 (7th Cir. Feb. 11, 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, White cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 2022 WL 417409, at *2.

White's second reason for compassionate release—the risk to his mental health posed by a lack of mental health programming during the COVID-19 pandemic—fares no better. He has presented no evidence that his mental health has deteriorated to the extent that it is debilitating or has rendered him unable to care for himself. To the extent he challenges the handling of the pandemic at his place of incarceration, such allegations might form the basis for relief in a civil suit filed in White's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

Given the determination that White has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, White's motion for compassionate release, dkt. [29], is **denied.**

**IT IS SO ORDERED.**

Date:  2/22/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel